IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **NORBERTO LOPEZ CRUZ, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**PUERTO RICO ELECTRIC POWER AUTHORITY, et al.,**<br><br>Defendants. | Civil No. 11-2023 (DRD) |

**OPINION AND ORDER**

### *I.    Introduction*

Following the Court's *Order* (Docket No. 109) of February 11, 2014 granting Plaintiffs' *Notice of Voluntary Dismissal With Prejudice* (Docket No. 106) and the Court's entry of *Judgment* (Docket No. 110) of the same date, Defendants moved the Court for the imposition of attorneys' fees and costs (Docket No. 111). Defendants argue that Plaintiffs' suit was totally unfounded and frivolous and that Plaintiffs continued to litigate the case after it clearly became so. Specifically, Defendants aver that Plaintiffs continued litigating the case at bar after being appraised on numerous occasions by Defendants that their remaining claims were meritless.[1]

On March 28, 2014, Plaintiffs filed their *Response in Opposition to Motion for Attorneys' Fees* (Docket No. 112) stressing that the instant complaint was neither frivolous nor unreasonable, as the Court itself concluded when it declined to dismiss Plaintiffs' First

---

[1] Defendants contend that Plaintiffs should have seized litigating the instant matter on March 31, 2013 after the Court dismissed the majority of Plaintiffs' causes of action. *See Opinion and Order*, Docket No. 74.

1

Amendment retaliation and Fourteenth Amendment Procedural Due Process claims in the *Opinion and Order* (Docket No. 55) dated July 17, 2012.

On April 10, 2014, Defendants filed a reply in response to Plaintiffs' opposition (Docket No. 115) accentuating that the two remaining allegations that survived Defendants' *Motions to Dismiss* (Docket Nos. 41 and 44) were frivolous.  According to Defendants, Plaintiff Norberto Lopez-Cruz knew on January 24, 2013 that his claims were baseless when he continued prosecuting his case after being granted his desired position and being awarded retroactive pay.

## *II.  Costs*

As Defendants' motion combines the demand for costs and attorneys' fees, the Court must discuss these remedies separately as the analysis of each request is quite different.  The Court shall issue a determination on costs first.  The relevant portion of Federal Rule of Civil Procedure 54 reads as follows:

> (d) Costs; Attorney's Fees.
>
> (1) Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Analyzing the facts in light of Rule 54(d)(1) requires, first and foremost, that the Court determine whether or not Defendants are prevailing party.  Here, as the Court has already determined, Defendants are the prevailing parties.  We briefly explain.

A district court must grant a plaintiff's request under Rule 41(a)(2) for voluntary dismissal, if the dismissal being sought is with prejudice. Wright & Miller, 9 Federal Practice and Procedure: Civil § 2367 (3d ed.); *see* Smoot v. Fox, 340 F.2d 301, 303 (6th Cir. 1964)("We know of no power in a trial judge to require a lawyer to submit evidence on behalf of a plaintiff, when he considers he has no cause of action or for any reason wishes to dismiss his action with prejudice, the client being agreeable."); Century Manufacturing Co., Inc. v. Central Transport Int'l, Inc., 209 F.R.D. 647, 648 (D.Mass.2002) ("Under such circumstances, courts have found that they are without discretion and must grant the motion."); Puello v. Citifinancial Servs., Inc., 76 Fed. R. Serv. 3d 536 (D. Mass. 2010); Nippy, Inc. v. Pro Rok, Inc., 932 F. Supp. 41 (D.P.R. 1996)(granting voluntary dismissal over defendant's objection that attorney's fees be awarded); Horton v. Trans World Airlines Corp., 169 F.R.D. 11, 18 (E.D.N.Y. 1996).

Although the purpose of Rule 41(a)(2) is "primarily to prevent dismissal which would result in some clear legal prejudice to the defendant," courts must grant plaintiff's request where, as here, no clear prejudice exists. Protocomm Corp. v. Novell, Inc., 171 F. Supp. 2d 459, 470 (E.D.Pa 2001). A dismissal with prejudice constitutes a complete adjudication of all claims set forth by plaintiffs, meaning that defendants receive the same outcome they would have received had the case proceeded to trial. *See* Nippy, Inc., 932 F. Supp. at 43 (internal citations omitted).

3

As Defendants have triumphed on all of the claims, the Court understands that Defendants constitute prevailing parties under Fed. R. Civ. P. 54(d)(1). Nevertheless, the Court cannot grant Defendants' request, as the costs submitted by Defendants pertain solely to the services of Moises Hernandez, a Certified Court Interpreter, who translated several documents that were used to file the motion for summary judgment. As only the costs of oral translations may be reimbursed, Defendants' request must be **DENIED**. *See Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 182 L. Ed. 2d 903 (2012)(holding that the compensation of interpreters "is limited to the cost of oral translation and does not include the cost of document translation.")

### *III. Attorneys' Fees*

As Plaintiffs' *Amended Complaint* (Docket No. 29) invokes 42 U.S.C. § 1983, the appropriate vehicle for entertaining a motion for attorneys' fees is 42 U.S.C. § 1988 ("Section 1988").

The general "American Rule" is that each side bears its own litigation costs and that the prevailing party is not entitled to recover attorney's fees or costs. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975)("In the United States, the prevailing litigant is ordinarily **not** entitled to collect a reasonable attorneys' fee from the loser."). However, Congress "has created exceptions to this 'American Rule,' permitting fee-shifting in some contexts to encourage meritorious litigation that benefits the plaintiff and the public interest." *Boston's Children First v. City of Boston*, 395 F.3d 10, 14 (citing *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989)). Section 1988, which is one of those exceptions, provides

4

the court with the discretion to allow the prevailing party, other than the United States, reasonable attorneys' fee as part of the costs in federal-civil-rights actions, including those actions under 42 U.S.C. § 1983. *Id*. The relevant portion of the aforementioned statute reads as follows:

> (b) Attorney's fees
>
> In any action or proceeding to enforce a provision of [section] . . . 1983 . . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C. § 1988.

"As we often have recited, an award of fees in favor of a prevailing **plaintiff** in a civil rights suit is 'the rule, whereas fee-shifting in favor of a prevailing **defendant** is the exception.'" *Lamboy-Ortiz v. Ortiz-Velez*, 630 F.3d 228, 235-36 (1st Cir. 2010) (emphasis provided) (citing *Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos*, 38 F.3d 615, 618 (1st Cir. 1994)). "A prevailing defendant **may** be awarded fees only 'upon a finding that the plaintiff's action was frivolous, unreasonable, without foundation, even though not brought in subjective bad faith.'" *Id.* at 236 (citing *Roselló-González v. Acevedo-Vilá*, 483 F.3d 1, 6 (1st Cir. 2007)) (emphasis added). In *Laboy-Ortiz*, the First Circuit described the standard for awarding attorneys' fees to prevailing defendants as one "difficult to meet, and rightly so." *Id.* The First Circuit reasoned:

> Congress granted parties the prospect of a reasonable attorney's fee under 42 U.S.C. § 1988 to encourage the

5

> prosecution of legitimate civil rights claims; to award fees to prevailing defendants when the history of a case does not justify it undercuts that goal and chills civil rights litigation. See *Foster v. Mydas Assocs., Inc.*, 943 F.2d 139, 146 (1st Cir.1991). This chilling effect is particularly acute in the case of large and financially onerous fee awards, which threaten to "discourag[e] all but the airtight cases." *Arnold v. Burger King Corp.*, 719 F.2d 63, 68 (4th Cir.1983) (citing *Christiansburg Garment*, 434 U.S. at 422, 98 S.Ct. 694).

*Laboy-Ortiz*, 630 F.3d at 236. When a court is evaluating whether it has the discretion to award a defendant attorneys' fees under Section 1988, the court must assess the plaintiff's claims at the time the complaint was filed. *Lamboy-Ortiz*, 630 F.3d at 237 (internal citation omitted). "The court must keep in mind that '[e]ven when the law or the facts appear questionable or favorable at the outset, a party may have an entirely reasonable ground for bringing suit.'" *Id.* (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). Prevailing defendants are eligible for attorneys' fees only when the plaintiff's claims were "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Hughes v. Rowe*, 449 U.S. 5, 15 (1980).

Turning to the facts before us, the Court finds that Plaintiffs' claims were not frivolous or that they continued to litigate after their claims clearly became frivolous. We briefly explain.

Defendants argue that Plaintiffs were appraised at the January 25, 2013 Settlement/Initial Scheduling Conference (*See Minute Entry*, Docket No. 72) and by a Rule 11 letter that the remaining claims were unfounded and should, thus, be dismissed. Nevertheless, Plaintiffs allegedly continued their relentless litigation, which forced Defendants to file a motion for summary judgment. In order to

6

adequately ascertain whether Plaintiffs relentlessly continued litigating its claims, the Court must review the record.

A review of the record shows that Defendants filed a *Motion for Summary Judgment* (Docket No. 77) on May 9, 2013, well before the discovery cut-off date of September 20, 2013. Defendants' motion contained upwards of ten (10) exhibits that were dated and produced to the Plaintiffs after the filing of the instant complaint. Plaintiffs opposed Defendants' request on May 22, 2013 (Docket No. 88) and requested that the Court hold Defendants' motion in abeyance until discovery has been concluded. On June 19, 2013, Defendants filed their reply memoranda (See Docket Nos. 94 and 95). On October 15, 2013, the Court referred all pending motions to Magistrate Judge Bruce J. McGiverin (Docket No. 98), who entered his *Report and Recommendation* (Docket No. 105) on January 27, 2014. On February 3, 2014, seven days later, Plaintiffs voluntarily dismissed their claims against Defendants. As a result of the aforementioned motions, discovery was never conducted. Hence, the record evinces that after the January 25, 2013 conference, Plaintiffs did not continue their relentless litigation, as they merely opposed Defendants motion for summary judgment on the basis that the same was premature. The parties did not engage in extensive discovery and Plaintiffs immediately desisted of their claims once Magistrate Judge McGiverin recommended that the case at bar be dismissed. Further, the Court

7

stresses that Plaintiffs' claims were neither frivolous not dubious when the instant case was filed.[2]

Accordingly, Defendants have not placed the Court in a position to find that Plaintiffs acted with temerity, frivolousness, or unreasonableness. Therefore, the case at bar does not elicit any exceptional circumstances that would warrant an imposition of attorneys' fees to a prevailing defendant.

### IV.  Conclusion

For the foregoing reasons, the Court hereby **DENIES** Defendants' request for costs and **DENIES** Defendants' request for attorneys' fees. Defendants have failed to demonstrate any entitlement to the remedies sought in their motion and the Court's own independent perusal of the record has also failed to find any support for the remedies pursued by Defendants.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 17th day of March, 2015.

/S/ DANIEL R. DOMÍNGUEZ

DANIEL R. DOMÍNGUEZ
U.S. District Judge

---

[2] The Court refers the parties to the *Opinion and Order* at Docket No. 55 for an in-depth analysis of Plaintiffs' claims.